UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:08-CV-87-R

DESA IP, LLC AND DESA HEATING, LLC                        PLAINTIFFS

v.

PINNACLE PRODUCTS, INC., STEPHEN
MCCALLEY, JOSEPH ALESSI, AND
ANDERSON SMITH                                                             DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Pinnacle Products, Inc., Stephen McCalley, Joseph Alessi, and Anderson Smith's Motion to Dismiss (Docket #13). Plaintiffs DESA IP and DESA Heating have responded (Docket #14). Defendants have replied (Docket #16). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiffs DESA IP and DESA Heating allege that Defendant Pinnacle Products ("Pinnacle") violated Plaintiffs' rights by distributing a product which infringed upon Plaintiff's trademark/trade dress. Specifically, Plaintiffs argue that Pinnacle's portable heaters bear Plaintiff's "Yellow & Black" trade dress.

DESA IP, which is the owner of the "Yellow & Black" trade dress, is a Florida limited liability company with its principal place of business located in Florida. Plaintiff DESA Heating, which manufactures the "Yellow & Black" space heaters, is a Florida limited liability company with its principal place of business located in Bowling Green, Kentucky.

Defendant Pinnacle is a Delaware corporation with its principal place of business located in

Pennsylvania. Defendant Stephen McCalley is president of Pinnacle. Defendant Joseph Alessi is Pinnacle's vice-president of operations, and Defendant Anderson Smith is the vice president of sales and marketing. McCalley, Alessi, and Smith are sued in their official capacities as officers of Pinnacle. Defendants argue that Plaintiff's complaint should be dismissed for lack of personal jurisdiction.

## STANDARD

The plaintiff bears the burden of establishing jurisdiction. *Third Nat'l Bank v. Wedge Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989). Where, as here, there is no evidentiary hearing on the motion, the plaintiff need only make a prima facie showing of jurisdiction to avoid the motion to dismiss. *Id.* The Court must consider the pleadings and affidavits in a light most favorable to the non-moving party, and cannot weigh the controverting assertions of the party seeking dismissal. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991).

In a diversity action, the Court must look to the law of the forum state to determine whether personal jurisdiction exists. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). "A court's exercise of personal jurisdiction over a nonresident defendant is appropriate only if it meets the states's long-arm statute and constitutional due process requirements." *Id*. The court's exercise of jurisdiction comports with due process when the defendant has sufficient minimal contacts such that "traditional notions of fair play and substantial justice are not offended." *Id.* at 615-16 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Kentucky long-arm statute has been understood to reach the limit permitted by the Constitution, thus the single issue is whether the jurisdiction sought is within the requirements of due process. *Tobin v. Astra Pharm. Prods., Inc.*, 993 F.2d 528, 542-43 (6th Cir. 1993).

The following criteria have historically been employed to determine if personal jurisdiction is appropriate:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (quoting *Theunissen*, 935 F.2d 1460).

## DISCUSSION

First, the Court must examine if Pinnacle purposefully availed itself of the privilege of acting in Kentucky or causing consequences in Kentucky. Under the "purposeful availment" requirement the Court must determine if Pinnacle's contact is merely collaterally related to Kentucky, or if it is the kind of substantial relationship with the forum state that invokes, by design, the benefits and protections of its laws. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 722 (6th Cir. 2000). "Th[e] 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Id.* at 721-22.

Defendants state that Pinnacle not purposefully availed itself of doing business in Kentucky, because it has not directed any activity towards Kentucky. Defendant argues that Pinnacle merely sells its products to distributors, and that Pinnacle has no power to control where the distributor ultimately sells the products.

However, this ignores the fact that the distributors Pinnacle sells its products to are nationwide retailers such as Lowe's and Tractor Supply Company. It is not "random" or "fortuitous" that the Pinnacle's space heaters were sold in Kentucky when Pinnacle sold them to retailers with stores in Kentucky. The fact that Pinnacle intends its products to be sold in Kentucky,

and that it is aware that the products are sold in Kentucky, is supported by fact that Pinnacle has thirteen authorized service centers for its products in Kentucky. Given this, the Court finds that Pinnacle has purposefully availed itself of the privilege of conducting business in Kentucky by selling products that Pinnacle knew would later be sold in Kentucky.

The "arising from" requirement is satisfied if the cause of action is related to or connected with the defendant's forum contacts. *Young v. Track, Inc.*, 324 F.3d 409, 419 (6th Cir. 2003). Plaintiffs have submitted the affidavit of Griffin Bland, who states that he observed Pinnacle's ProTemp Sunstream 60,000 BTU kerosene heaters bearing DESA's "Yellow & Black" trade dress for sale at a Lowe's located in Bowling Green, Kentucky. The affidavit of Nick Mater states that he purchased a Pinnacle ProTemp Sunstream 60,000 BTU Model PT-55-55 Kerosene Heater bearing DESA's Yellow & Black trade dress from a Tractor Supply Company located in Bowling Green, Kentucky. Therefore, Plaintiffs' cause of action is related to Pinnacle's contacts with Kentucky.

Defendants argue that Plaintiffs have failed to satisfy this requirement because the product identified by the affidavits cannot be confused with Plaintiff's product. However, the Court will not make an inquiry into the merits of Plaintiffs' claims at this stage in the litigation.

For the third criterion, the Court must determine if Pinnacle's acts have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. When the first two criteria are met, there is an inference of reasonableness. *Theunissen*, 935 F.2d at 1461. As such, "only the unusual case will not meet this third criterion." *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1170 (6th Cir.1988).

Defendants argue that personal jurisdiction over Pinnacle is not reasonable because there is not a substantial enough connection between this litigation and the forum state. Although the owner

of the "Yellow & Black" trade dress is a Florida corporation, the product that uses the trade dress is manufactured in Kentucky. Therefore, Kentucky has an interest in the adjudication of this dispute. Additionally, because Pinnacle's principal place of business is in Pennsylvania, it does not appear that Defendant's burden of conducting litigation in a foreign state would be decreased if this litigation were to be conducted in Florida, rather than Kentucky.

As the above analysis demonstrates, all three criteria necessary for the existence of personal jurisdiction have been satisfied. Therefore, Defendant's motion must be denied as to Pinnacle.

Finally, Defendants argue that even if the Court has personal jurisdiction over Pinnacle, Stephen McCalley, Joseph Alessi, and Anderson Smith should still be dismissed for lack of personal jurisdiction. "It is settled that jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). However, "where an out-of-state agent is actively and personally involved in the conduct giving rise to the claim, the exercise of personal jurisdiction should depend on traditional notions of fair play and substantial justice; i.e. whether she purposefully availed herself of the forum and the reasonably foreseeable consequences of that availment." *Balance Dynamics Corp. v Schmitt Industries, Inc.,* 204 F.3d 683, 697-98 (6th Cir. 2000). In this case, Plaintiff's response brief addresses its claims against all the defendants collectively. The only information submitted to the Court concerning the individual defendants is that they are officers of Pinnacle. Plaintiffs have offered no evidence that any individual defendant purposefully availed themselves of conducting business in Kentucky. Because Plaintiffs have the burden of establishing personal jurisdiction, the individual defendants must be dismissed.

## CONCLUSION

For the above reasons Defendant's motion is GRANTED in part and DENIED in part.

An appropriate order shall issue.